# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-11357
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 1, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DRAYON CONLEY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-4-1

Before STEWART, Chief Judge, and OWEN and OLDHAM, Circuit Judges.

PER CURIAM:*

Drayon Conley challenges the 75-month above-guidelines prison term imposed at resentencing, arguing that the variance sentence is substantively unreasonable. In particular, he observes that his initial 96-month prison term represented a 25-month upward variance from the top of his prior advisory sentencing guidelines range; his 75-month prison term represented a 38-month variance from the top of his new, lower range; and no conduct had occurred

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11357

between his first and second sentencing hearings that warranted such a severe variance given that his criminal history remained unchanged. Although Conley acknowledges his three disciplinary citations while in prison, he contends that two of the three were not of a serious nature. He also notes his many accomplishments in prison.

The substantive reasonableness of a sentence is reviewed for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). The record demonstrates that, at resentencing, the district court used the new, lower guidelines range as its starting point and made an individualized assessment that a 75-month prison term was sufficient but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). *See id.* at 49-51. Further, the court gave a "thorough justification" for its above-guidelines sentence, and the extent of the court's variance is within the range of variances that we have previously upheld. *United States v. McElwee*, 646 F.3d 328, 344 (5th Cir. 2011). Disagreement with the district court's balancing of the sentencing factors "is not a sufficient ground for reversal." *United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016). Based on the totality of the circumstances, including the deference owed to a district court's consideration of the § 3553(a) factors, the district court did not abuse its discretion. *See Gall*, 552 U.S. at 50-53; *McElwee*, 646 F.3d at 344-45.

AFFIRMED.